UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL H. FRYE, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>THE WINE LIBRARY, INC., a California corporation, EDWARD GELSMAN, an individual, and CARL GELSMAN, an individual,<br><br>        Defendants. | No. 06-5399 SC<br><br>ORDER DENYING DEFENDANTS' PARTIAL <u>MOTION TO DISMISS</u> |

## I. **INTRODUCTION**

Plaintiff Russell H. Frye ("Plaintiff") brought this action alleging seven causes of action under California law, arising out of the sale of allegedly counterfeit wines to Plaintiff by Defendants The Wine Library et al. ("Defendants"). <u>See</u> Complaint. Defendants now move the Court to dismiss the first five of those causes of action. <u>See</u> Defendants' Partial Motion to Dismiss for Failure to State a Claim on which Relief Can Be Granted ("Motion to Dismiss"). For the reasons stated herein, the Court hereby DENIES Defendants' Motion to Dismiss.

## II. BACKGROUND

This action arises out of a series of deals which occurred from June, 2000 to February, 2003 between Plaintiff and Defendants involving fine wines with prices ranging as high as $42,000.00 per bottle, with an aggregate price of approximately $565,000.00 (together the "Wines"). Complaint at 1, 3. Plaintiff is "an avid collector of fine wines." Id. at 1. Defendants are vendors of fine wines who act, at least in some sense, like brokers, bringing together buyers and sellers of fine wines. See id. at 4. The Complaint alleges that Defendants sold Plaintiff a number of very expensive bottles of wine after representing to Plaintiff that the bottles contained very rare, fine wines and knowing that Plaintiff would likely try to resell the wines at auction. See id. at 2-3. Plaintiff alleges that he relied on these representations in making his decisions to buy the Wines. Id. at 2.

In December, 2005, Plaintiff began preparations to sell some or all of the Wines at auction. Id. at 13. In preparation, a representative of the auctioneer inspected the wines which Plaintiff intended to offer at auction. Id. Following the inspection, the representative informed Plaintiff that there were "significant indications" that "the vast majority of the pre-1962 wines Mr. Frye had purchased from the Wine Library . . . were counterfeit," and so would not be offered at auction. Id. According to Plaintiff, this was the first time he had any knowledge of any such questions of authenticity. Id. Plaintiff then had "a recognized expert in fine and rare wines" examine the Wines, and the expert concluded that "34 were counterfeit, and an

2

1  additional 12 bottles were suspect." Id.  Thus, according to the
2  expert's analysis, "almost 90% of the pre-1962 wines sold to
3  plaintiff by the Wine Library were either counterfeit or
4  sufficiently suspect that they could not be resold in the wine
5  auction marketplace." Id.
6       On August 31, 2006 Plaintiff filed the instant action. See
7  id.  The Complaint states seven causes of action: 1) fraud under
8  Cal. Civ. Code § 1709; 2) constructive fraud under Cal. Civ. Code
9  § 1573; 3) common law negligent misrepresentation; 4) unlawful
10 business practice under Cal. Bus. and Prof. Code § 17200; 5)
11 fraudulent business practice under Cal. Bus. and Prof. Code §
12 17200 6) breach of contract; and 7) breach of implied warranty.
13 See id.  The first three counts are made against all Defendants,
14 the last four counts are made only against the The Wine Library,
15 Inc. See id.  Defendants now move the Court under Federal Rule of
16 Civil Procedure ("FRCP") 12(b)(6) to dismiss Plaintiff's first
17 five causes of action for failure to state a claim on which relief
18 can be granted. See Motion to Dismiss.

### III. LEGAL STANDARD

21     A Rule 12(b)(6) motion to dismiss tests the sufficiency of
22 the complaint.  Dismissal pursuant to Rule 12(b)(6) is appropriate
23 only where it "appears beyond doubt that the plaintiff can prove
24 no set of facts in support of his claim which would entitle him to
25 relief." Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th
26 Cir. 1991), quoting Conley v. Gibson, 355 U.S. 41, 45–46 (1957).
27 In reviewing the motion, a court must assume all factual

3

allegations made by the nonmoving party to be true and construe them in the light most favorable to the nonmoving party. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 590 (9th Cir. 1993). Nevertheless, a complaint must be based on more than "[c]onclusory allegations of law and unwarranted inferences" in order to defeat a motion for dismissal. Parino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1999), quoting In re VeriFone Sec. Litig., 11 F.3d 865, 868 (9th Cir. 1993).

**IV. DISCUSSION**

    **A. Economic Loss Rule (Claims 1-3)**

Defendants move the Court to dismiss the first three causes of action (which Defendants refer to as the "tort causes of action") on the grounds that they are barred by the "economic loss rule." Motion to Dismiss at 3. "The economic loss rule requires purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." Robinson Helicopter Company, Inc. v. Dana Corp., 34 Cal.4th 979, 988 (2004). Such harm, in general, may be demonstrated by showing injury arising from a breach of duty which is independent of the contract or from conduct done with the intention of causing harm. Erlich v. Menezes, 21 Cal.4th 543, 552 (1999). As Defendant concedes, fraudulent inducement of a contract fits within this exception, see Reply at 4 (citing Elrich, 21 Cal.4th at 552, and at least one California appeals court has held that fraud in the performance of a contract qualifies as well. See id. (quoting Harris v. Atlantic

4

1   Richfield Co., 14 Cal.App.4th 70, 78 (Cal. Ct. App. 1993), but
2   characterizing its holding as dicta).
3       We need not resolve at this time whether fraud or other types
4   of tortious deceit related to the performance of a contract
5   qualifies as an exception to the economic loss rule.  The
6   Complaint sufficiently alleges facts on which could be based a
7   claim for fraud or other types of tortious deceit with regards to
8   the inducement of the contracts in question.
9       Section 1709 reads:  "Fraudulent Deceit. One who willfully
10  deceives another with intent to induce him to alter his position
11  to his injury or risk, is liable for any damage which he thereby
12  suffers."  Cal. Civ. Code § 1709.  The Complaint alleges that:
13  Defendants made statements regarding the vintage and producer of
14  the Wines that were not warranted by the information known to
15  Defendants at the time; these statements were made with the intent
16  to induce Plaintiff to purchase the Wines; Plaintiff relied on
17  these representations, and suffered injury as a result.  Complaint
18  at 14-15.  These allegations state a claim for fraudulent
19  inducement under Section 1709, see Hayward Union High School
20  District v. Madrid, 234 Cal.App.2d 100, 110, 121 (Cal. Ct. App.
21  1965), and thus are not defeated by the economic loss rule.
22      Constructive fraud (Plaintiff's second claim) under Section
23  1573 consists:

>   1. In any breach of duty which, without an actually
>   fraudulent intent, gains an advantage to the person in
>   fault, or any one claiming under him, by misleading
>   another to his prejudice, or to the prejudice of any one
>   claiming under him; or,
>
>   2. In any such act or omission as the law specially

5

>     declares to be fraudulent, without respect to actual
>     fraud.

Cal. Civ. Code § 1573. Plaintiff alleges a confidential relationship between Plaintiff and Defendants which created a duty breached in the manner described above in relation to Plaintiff's fraud allegations. Complaint at 15-16. Similar to his actual fraud claim, Plaintiff's constructive claim can be characterized as one regarding wrongful acts of Defendants in the <u>inducement</u> of the contract. It, therefore, states a claim for a "violation of a duty independent of the contract arising from principles of tort law," and so is not barred by the economic loss rule. <u>Robinson Helicopter</u>, 34 Cal.4th at 989.

Plaintiff has also alleged all the elements necessary to state a claim for common law fraudulent misrepresentation. <u>See</u> Complaint at 17-18; <u>Continental Airlines, Inc. v. McDonnel Douglas Corp.</u>, 216 Cal.App.3d 388, 402 (Cal. App. Ct. 1989) (listing the six elements of negligent misrepresentation). As Plaintiff's negligent misrepresentation claim can be characterized as relating to Defendant's inducement of Plaintiff to contract, there is also no question of it being barred by the economic loss rule. <u>Robinson Helicopter</u>, 34 Cal.4th at 989.

**B.   <u>No Fiduciary Relationship (Claim 3)</u>**

Defendants also argue that Plaintiff's constructive fraud claim should be dismissed because no fiduciary duty existed between the Defendants and Plaintiff, as is required to make such a claim. <u>See</u> Motion to Dismiss at 8-9. Defendants argue that "[i]t is essential to the operation of the doctrine of

constructive fraud that there exist a fiduciary or special relationship," and that Plaintiff cannot prove a fiduciary relation between Defendants and himself because their relationship was simply a commercial one between sellers and a buyer. Id. at 8 (quoting Peterson Development Co. v. Torrey Pines Bank, 233 Cal.App.3d 103,16 (Cal. App. Ct. 1991). Plaintiff, on the other hand, argues that "a violation of a confidential relationship constitutes constructive fraud," and that a confidential relationship arose between Defendants and Plaintiff as a result of certain characteristics of the deal between them. Opposition at 5 (quoting Day v. Greene, 59 Cal.2d 404, 411 (1963).

The Court need not resolve at this point what type of relationship Plaintiff must prove to prevail on his constructive fraud claim: fiduciary, confidential, or some other type of relationship that qualifies as special. Regardless of which standard is used, at this stage in the litigation, the court does not have sufficient information before it to determine whether the relationship between Defendants and Plaintiff qualifies, or fails to qualify, as any of these three types.

**C. Statute of Limitations (Claims 4-5)**

Defendants finally argue that Plaintiff's fourth and fifth claims, which are brought under Cal. Bus. & Prof. Code § 17200, should be dismissed as to 29 of the 34 bottles of Wine on the grounds that such claims are barred by the applicable statute of limitations. Motion to Dismiss at 9. The applicable statute of limitations is "four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208. Defendants argue, and Plaintiff

7

appears to concede, that the discovery rule does not apply to Section 17200 claims. See Motion to Dismiss at 9; Opposition at 6. However, Plaintiff raises two fact-based exceptions to this: that equitable tolling should apply and that the various sales and purchases of the Wines should be viewed as a single on-going transaction. See Id. at 6-7. As Defendants' Reply brief effectively concedes, arguing the facts as opposed to the law, resolution of Plaintiff's arguments for application of these exceptions demands a fact-based inquiry inappropriate at this stage of the litigation.

## V.  CONCLUSION

In light of the foregoing, Defendants' Partial Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted is DENIED.

IT IS SO ORDERED.

December 04, 2006                    _____

                                         UNITED STATES DISTRICT JUDGE